UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| DANNY LYNN WILLIAMS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:17-CV-85-HSM-HBG |
| | ) | | |
| SULLIVAN COUNTY MEDICAL STAFF, | ) | | |
| OFFICER COONIE, OFFICER LYNCH, | ) | | |
| SGT RYAN, NURSE STEPHANIE, | ) | | |
| and JANE DOE, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM OPINION**

This matter is before the Court on a *sua sponte* review of the record. When Danny Lynn Williams ("Plaintiff") filed this action, he listed the Loudon County Jail as his address [Doc. 1]. On September 5, 2018, this Court entered a deficiency order in this case, advising Plaintiff that he had not submitted the proper documents for the Court to consider his IFP application—namely, a certified copy of his inmate trust account for the previous six-month period—and ordering Plaintiff to submit the proper documentation within 30 days [Doc. 3]. The Order, however, was returned to the Court as "Undeliverable" noting that Plaintiff is no longer at the address provided to the Court [Doc. 4]. Through the Court's own research, the Court found that Plaintiff was transferred to Trousdale Turner Correctional Center ("TTCC") and directed the Clerk to update the case docket to reflect Plaintiff's current location of incarceration and to resend Plaintiff the deficiency Order filed September 5, 2018 [Doc. 5].[1]

---

[1] Pursuant to Fed. R. Evid. 201(c), the Court may take judicial notice of the information provided on the Inmate Locator Service. *See, e.g.*, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) (citing *Harvey v. Eichenlaub*, 2007 WL 2782249, at *1 (E.D. Mich. Sept. 24, 2007)).

After more than thirty days passed and Plaintiff had not submitted the filing fee or any response to the Court's Order, this Court ordered Plaintiff to show cause within fourteen days explaining why his case should not be dismissed for failure to prosecute and/or failure to follow the order of this Court [Doc. 7]. The Court notified Plaintiff that failure to comply with the terms of this order will result in dismissal of his case [*Id.*]. Plaintiff has not filed any response to the Court's Order and the deadline to do so has passed.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Despite receiving instruction from this Court to pay the full filing fee or submit the required documentation in order to proceed with his case, Plaintiff has failed to do so. Further, the last two attempts made by this Court to contact Plaintiff regarding his

2

case have been unsuccessful. Whether willful or negligent, Plaintiff has failed to prosecute this action and/or monitor this action as required by Local Rule 83.13. Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since Defendants have not yet been served, they have not been prejudiced by Plaintiff's inactions.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's orders, despite being expressly warned four different times of the possible consequences of such a failure [Doc. 3 p. 2; Doc.5 p. 2; Doc. 6 p. 1; Doc. 7 p. 2].

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. Moreover, there seems little purpose allowing alternative sanctions where Plaintiff has apparently abandoned his case showing a lack of respect for this Court's deadlines and orders, even after threatened with its dismissal.

The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b). For these reasons, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

                                           */s/ Harry S. Mattice, Jr.*
                                           HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE